# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LA SHAWN ALFORD | : | |
| | : | |
| v. | : | Civil No. CCB-12-3514 |
| | : | |
| FOOD LION, LLC | : | |
| | : | |

## MEMORANDUM

Plaintiff La Shawn Alford ("Ms. Alford") brings this action against Food Lion, LLC ("Food Lion") seeking damages from an injury she suffered after falling in a Food Lion grocery store in Baltimore County, Maryland. Food Lion's motion for summary judgment is now pending before the court. For the reasons stated below, the motion will be granted.

## BACKGROUND

At about 10:00 p.m. on July 3, 2011, Ms. Alford entered a Food Lion grocery store in Baltimore County, Maryland, to buy ice. (Am. Compl., ECF No. 14, ¶ 6; Alford Dep., June 4, 2013, ECF No. 27-3, 70:21-71:3). After Gail Richmond, the manager on duty at the customer service desk, told her where the ice was located, Ms. Alford began walking across the front of the store in the direction of the ice. (Alford Dep. 71:15-74:10).

Before Ms. Alford reached the ice, however, she slipped and fell in front of a display at the front of the store. (Alford Dep. 74:11-13, 77:9-10; Def.'s Supp. Reply Ex. E, ECF No. 32-4). In her deposition, she could not recall how far from the ice machine she was when she fell. (Alford Dep. 77:9-10). After reviewing the surveillance video, the expert she hired to examine

1

the case estimated she was eight to ten feet away.[1] (Harrison Dep., Aug. 21, 2013, ECF No. 27-5, 11:2-6, 14:15-15:12).

Once she had fallen, Ms. Alford noticed that her right leg was damp, which led her to believe water must have been on the floor and caused her fall. (Alford Dep. 81:14-82:19). She had not seen water or anything else on the floor prior to the fall. (Alford Dep. 79:9-15, 81:14-16, 82:17-19). After Ms. Alford fell, Ms. Richmond came over, but upon inspection did not see anything on the floor around Ms. Alford other than a shoe skid mark. (Richmond Dep., June 20, 2013, ECF No. 27-6, 37:13-38:17, 100:18-101:1). Although Ms. Alford claims to have told Ms. Richmond there was water on the floor after her fall, neither Ms. Richmond nor the other employee working that evening, Milburne Willis, remembered seeing water or any other substance on the floor then or earlier in the night. (Richmond Dep. 37:13-38:17, 42:10-14, 94:16-95:9, 100:18-101:1; Willis Dep., June 21, 2013, ECF No. 30-4, 15:18-16:5, 26:1-8).

Food Lion now moves for summary judgment, claiming that the undisputed facts do not support a conclusion that the store breached its duty to Ms. Alford. (Def.'s Mem., ECF No. 27-1). Because, viewing the facts in the light most favorable to Ms. Alford, there is no evidence upon which a reasonable juror could find that Food Lion had either actual or constructive notice of the alleged water, Food Lion's motion for summary judgment will be granted.

## ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is

---

[1] It should be noted that Food Lion contests Ms. Alford's expert's assertion that Ms. Alford was within eight to ten feet of the ice machine when she fell. Viewing the surveillance video, Scott Horst, the store manager during July 2011, observed that Ms. Alford fell in front of Register 7, which is 15-18 feet away from the ice machine. (Def.'s Reply Ex. A ¶¶ 3-5). In deciding the merits of Food Lion's motion for summary judgment, the Court construes the facts in Ms. Alford's favor, and will therefore assume Ms. Alford was eight to ten feet away.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

**I.   Choice of Law**

A court sitting in a diversity case must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941). Despite a modern trend favoring alternative approaches, "Maryland adheres to the *lex loci delicti* rule" to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 752 A.2d 200, 230 (Md. 2000); *see also Erie Ins. Exch. v. Heffernan*, 925 A.2d 636, 651 (Md. 2007) ("We see no reason to discontinue our adherence to the principles of *lex loci delicti*."). Under this rule, "the substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 453 A.2d

3

1207, 1209 (Md. 1983). Because the alleged tort took place in Baltimore County, Maryland, Maryland law governs Ms. Alford's negligence claim.

## II. Negligence Claim

Under Maryland law, "the proprietor of a store owes a duty to . . . [an invitee] to exercise ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant of Maryland, L.L.C.*, 871 A.2d 627, 631 (Md. App. 2005) (alteration in original) (quoting *Rawls v. Hochschild, Kohn & Co.*, 113 A.2d 405 (Md. 1955)) (internal quotation marks omitted). To prove that a proprietor violated his duty, "[t]he evidence must show not only that a dangerous condition existed, but also that the proprietor 'had actual or constructive knowledge of it, and that that knowledge was gained in sufficient time to give the owner the opportunity to remove it or to warn the invitee.'" *Rehn v. Westfield Am.*, 837 A.2d 981, 984 (Md. App. 2003) (quoting *Keene v. Arlan's Dep't Store of Baltimore, Inc.*, 370 A.2d 124 (Md. App. 1977)); *see also Joseph v. Bozzuto Mgmt. Co.*, 918 A.2d 1230, 1235 (Md. App. 2007). "[T]here is no liability for harm resulting from conditions . . . which the occupier neither knew about nor could have discovered with reasonable care." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370, 375 (Md. App. 1997) (internal quotation marks and citation omitted). The customer-plaintiff bears the burden of demonstrating that the store proprietor had notice of the condition. *Rehn*, 837 A.2d at 984.

Ms. Alford does not claim that Food Lion or its employees spilled the water and there is no evidence to support a finding that they had actual notice, as no one other than Ms. Alford remembers seeing it on the floor. (*See* Richmond Dep. 37:13-38:17, 94:16-95:9, 100:18-101:1; Willis Dep. 15:18-16:5, 26:1-8). To prove her negligence claim, therefore, Ms. Alford must

4

prove that Food Lion had constructive notice of the alleged water.[2]  *See Rehn*, 837 A.2d at 984.

A defendant has constructive notice of a hazardous condition where he "could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it." *Rawls*, 113 A.2d at 409.  The evidence must, therefore, allow a reasonable juror to conclude that the water on which Ms. Alford slipped was present long enough for Food Lion, using reasonable care, to have discovered it.  *See Yates v. Wal-Mart Stores, Inc.*, 2004 WL 1083250, at *2 (D. Md. 2004) ("[C]ourts have been reluctant to conclude that the store owner had notice where it is unclear how long the condition existed and the hazardous condition could have been created by a customer.")[3]; *Joseph*, 918 A.2d at 1236 ("In terms of constructive knowledge, moreover, it is necessary for the plaintiff to show how long the dangerous condition has existed.").  Ms. Alford claims a jury could conclude Food Lion had constructive notice of the alleged water from two facts: first, that she fell near the ice machine the day before Independence Day, when Food Lion sold large volumes of ice, creating a high potential for spills; and second, that there was a yellow cone, allegedly warning of a wet floor, next to the ice machine until about forty-six minutes prior to the fall.  (Pl.'s Opp'n, ECF No. 30, at 4-9).  Neither of these facts, however, provides any evidence of how long the water was on the floor or of whether had Food Lion used reasonable care it would have discovered the water.

That the ice machine occasionally, or even regularly, may be the source of leaks or spills,

---

[2] For the purposes of its summary judgment motion, Food Lion assumes water was on the floor, although it has reserved the right to contest the issue at trial. (Def.'s Mem., at 2 n.1).
[3] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

especially around the Fourth of July holiday, does not demonstrate that Food Lion should have known about the water on which Ms. Alford slipped some eight to ten feet away. Store proprietors do not have a duty to conduct constant inspections for spills. *See Moulden v. Greenbelt Consumer Serv., Inc.*, 210 A.2d 724, 726 (Md. 1965) (noting that a grocery store "is not an insurer and we think it would be unreasonable to hold that it is [its] duty to conduct a continuous inspection tour of the store"). Even assuming, therefore, that the water on which Ms. Alford slipped emanated from the ice machine, Food Lion and its employees did not have a duty to continuously watch for water in the area. Ms. Alford still must prove how long the water was present and that reasonable inspection would have allowed Food Lion to see it. *See Maans*, 871 A.2d at 634 (finding that, even assuming a store breached its duty to make reasonable inspections, there must still be evidence that had it used reasonable care it would have discovered the spill). Ms. Alford has provided no evidence of when the ice machine leaked, when a customer using it may have spilled, or of whether an employee using reasonable care even would have seen any such leaks or spills. The mere fact that the ice machine was the source of a leak or spill, at some unknown time, is not enough to support a finding of notice.

The only other evidence Ms. Alford relies on to prove notice is the earlier presence next to the ice machine, at least eight feet from where she fell, of a yellow warning cone, which had been removed about forty-six minutes before she slipped. (Def.'s Supp. Reply Exs. C, E, ECF Nos. 32-2, 32-4; Harrison Dep. 11:2-6, 14:15-15:12). Even construing the facts in Ms. Alford's favor, and thus assuming the yellow warning cone was placed by the ice machine not for storage but to warn customers, there is no evidence about what exactly the cone was meant to warn. None of the employees Ms. Alford deposed knew when the cone had been placed by the ice

machine or who had put it there. (Richmond Dep. 42:15-43:8; Horst Dep., June 20, 2013, ECF No. 30-3, 29:10-16; Willis Dep. 24:11-25:9, 30:19-32:6). Ms. Richmond did not recall seeing anything on the floor when she removed the cone from the area, and it was her practice to make sure nothing was around the cone before moving it.[4] (Richmond Dep. 42:10-14, 94:16-95:9). No other employees remembered seeing water on the floor in the area. (*See* Willis Dep. 15:18-16:5, 26:1-8). These facts cannot give rise to a reasonable inference that the cone was meant to warn of the water on which Ms. Alford slipped eight feet away and forty-six minutes after the cone was removed. To conclude as such would be speculative. The more reasonable inference would be that, at the time Ms. Richmond moved the cone, there was no visible water on the floor. Otherwise, she would not have moved it. The facts, therefore, do not give rise to an inference of how long the alleged water on which Ms. Alford slipped was on the floor. Without evidence of time on the floor, a reasonable juror cannot conclude that Food Lion had notice of the hazardous condition. *See Moulden*, 210 A.2d at 726 (finding granting of motion for a directed verdict in favor of store in slip and fall case was appropriate where there was no evidence of how long the bean on which the plaintiff slipped had been on the floor); *Lexington Mkt. Auth. v. Zappala*, 197 A.2d 147, 148 (Md. 1964) (finding "no evidence at all" that oil or grease on a garage floor was caused by the proprietor or that there was actual or constructive notice where there was no evidence as to how long it had been on the floor or where it came from); *Maans*, 871 A.2d at 633-36 (finding no evidence of actual or constructive notice where there was no evidence as to how long the water had been on the floor or of any failure to

---

[4] To the extent Ms. Alford is claiming Ms. Richmond's mere proximity to the area in which the alleged water was located, forty-six minutes prior to the fall, was sufficient to put her on notice, it was not. *See Sinnott v. Wal-Mart, Inc.*, 2000 WL 33281683, at *3 (D. Md. 2000) (citing *Lusby v. Baltimore Transit Co.*, 72 A.2d 754, 756 (Md. 1950)) (finding an employee's mere proximity to a leaking ventilation duct with no evidence as to how long the water had been on the ground or its visibility to employees was insufficient to conclude the store owner had notice of the leaking water).

properly inspect); *Carter v. Shoppers Food Warehouse MD Corp.*, 727 A.2d 958, 965-67 (Md. App. 1999) (finding no actual or constructive notice of a turned up carpet in a grocery store where a sweep log showed the area had been swept fifty minutes prior to the fall and the plaintiff had presented no evidence that someone saw the carpet turned up or of how long the carpet had been turned up).

Because there is no evidence from which a reasonable juror could conclude that Food Lion had notice of the water on which Ms. Alford slipped, there is no question for the jury on Ms. Alford's negligence claim and Food Lion is entitled to judgment as a matter of law.

**CONCLUSION**

For the reasons stated above, Food Lion's motion for summary judgment will be granted. A separate order follows.


November 4, 2013 /s/
Date Catherine C. Blake
United States District Judge